UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-60225-CR-ALTMAN/STRAUSS

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 1341
18 U.S.C. § 1957
18 U.S.C. § 981(a)(1)(C)
18 U.S.C. § 982(a)(1)

FILED BY ___AT___ D.C.

Nov 9, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FTL

UNITED STATES OF AMERICA

vs.

ADAM JONATHAN LOWE,
MURRAY TODD PETERSEN,
and
SCOTT SCHAFER,

        Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At times material to this Indictment:

1. Petersen & Lowe LLC, also known as PetersenLowe, was incorporated in Florida in 2013. ADAM JONATHAN LOWE operated and served as the manager for PetersenLowe, and was the sole signatory on the Petersen & Lowe LLC PNC bank account ending in 4761.

2. The Diamond Desk Corporation, (hereinafter "The Diamond Desk") was incorporated in Florida in 2011. ADAM JONATHAN LOWE operated and served as the President and CEO of The Diamond Desk, and was the sole signatory on The Diamond Desk JPMorgan Chase bank account ending in 8067 and The Diamond Desk PNC bank account ending in 2484.

1

3. The Diamond Market, LLC, (hereinafter "The Diamond Market") was incorporated in Florida in 2010. ADAM JONATHAN LOWE operated and served as the manager for The Diamond Market, and was the sole signatory on The Diamond Market PNC bank account ending in 2492 and The Diamond Market TD bank account ending in 4177.

4. Blue Coast Investments, LLC was incorporated in Florida in May 2016. ADAM JONATHAN LOWE operated and served as a manager for Blue Coast Investments, LLC, and was one of the signatories on the Blue Coast Investments, LLC SunTrust bank account ending in 2147.

5. The Diamond Market International, owned by Monaco Asset Holdings, LLC (hereinafter "Monaco") was registered in Florida in June 2016. ADAM JONATHAN LOWE operated and served as a manager for Monaco, and was one of the signatories on the Monaco SunTrust bank account ending in 2139.

6. Kenwo International Development Inc., (hereinafter "Kenwo") was incorporated in Florida in August 2018. ADAM JONATHAN LOWE operated and served as the President for Kenwo, and was the sole signatory on the Kenwo JPMorgan Chase bank account ending in 7729.

## COUNT 1
### Conspiracy to Commit Wire Fraud
### (18 U.S.C. § 1349)

7. Beginning on or about March 21, 2013, and continuing until on or about August 15, 2019, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**ADAM JONATHAN LOWE,
MURRAY TODD PETERSEN, and
SCOTT SCHAFER,**

did willfully, that is, with intent to further the object of the conspiracy, and knowingly combine, conspire, confederate and agree with each other and others known and unknown to the Grand Jury, to commit wire fraud, that is, to knowingly and with intent to defraud, devise and intent to devise

a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises and, for the purpose of executing such scheme, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE CONSPIRACY

8. It was the object of the conspiracy for the defendants to unjustly enrich themselves by inducing investors to purchase diamonds through the use of materially false and fraudulent representations, and by the concealment of material facts, concerning among other things, the safety and security of the investments, the value of the investments, the expected profits and rates of return, and the use of investors' funds.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants sought to accomplish the object of the conspiracy included, among others, the following:

### The Diamond Sale Scheme

9. ADAM JONATHAN LOWE, as the President and CEO of The Diamond Desk and Kenwo, as managing member of The Diamond Market, and as the manager for PetersenLowe, Blue Coast Investments, LLC, and Monaco, supplied the "fancy colored diamonds" and other jewelry sold by MURRAY TODD PETERSEN and others to victim investors.

10. MURRAY TODD PETERSEN, as a sales representative for The Diamond Desk, The Diamond Market, and Vice-President of PetersenLowe, offered for sale purportedly "fancy colored diamonds" to individuals as an investment opportunity.

11. SCOTT SCHAFER, a jewelry appraiser and owner of Schafer Jewelers in

3

Aventura, Florida, provided fraudulent appraisals which purported to document the diamonds' alleged high quality and which showed an appraised value significantly higher than the purchase price to purchasers of diamonds sold by ADAM JONATHAN LOWE, MURRAY TODD PETERSEN, and others.

12. MURRAY TODD PETERSEN and ADAM JONATHAN LOWE, through the use of marketing videos, materials, and statements, made materially false and fraudulent representations to prospective investors regarding the diamonds they were selling, including:

(a) that their diamonds purportedly came directly from diamond mines throughout the world;

(b) that the diamonds were being sold at wholesale prices; and

(c) the diamonds were one of a kind pieces of jewelry, handcrafted by master jewelers who worked for Tiffany's, Chopard, Harry Winston, Cartier, and other internationally recognized fine jewelry designers.

13. MURRAY TODD PETERSEN and ADAM JONATHAN LOWE falsely instructed the investors to hold onto and secure their diamond investments because the investments would continue to appreciate in value over time.

14. MURRAY TODD PETERSEN, ADAM JONATHAN LOWE, and their co-conspirators failed to disclose, and concealed, the following material facts from prospective investors:

    a. The diamonds were color enhanced, liquid filled, and otherwise treated and manipulated to misrepresent their true condition and value; and

b.  SCHAFER's appraisals were over-inflated to misrepresent the true value and condition of the diamonds sold by MURRAY TODD PETERSEN, ADAM JONATHAN LOWE, and others.

The Rapid Return Program

15. MURRAY TODD PETERSEN and ADAM JONATHAN LOWE offered a "rapid return program," promising and guaranteeing the victim investors high rates of return per month and a return of their investment principal. This program, marketed to investors through The Diamond Desk, promised that investor funds would be used to fund the purchase of natural fancy color diamond jewelry for sale to retailers throughout Asia, including mainland China and associated markets.

16. ADAM JONATHAN LOWE and MURRAY TODD PETERSEN did not pay the victim investors the monthly rates of return as promised, and did not return the investors initial investment principal as promised.

17. Rather than investing the investor funds as promised, ADAM JONATHAN LOWE utilized a majority of investor funds to pay commissions to MURRAY TODD PETERSEN and others, to fund personal gambling activities, and to fund personal expenses.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2 – 3
### Wire Fraud
### (18 U.S.C. § 1343)

18. Paragraphs 1 through 6 of the General Allegations section of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.

19. From on or around November, 2017, and continuing through on or about April 23, 2019, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

5

ADAM JONATHAN LOWE
and
MURRAY TODD PETERSEN,

having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of materially false and fraudulent pretenses, representations, and promises, for the purpose of executing such scheme and artifice, did knowingly transmit and cause to be transmitted in interstate commerce by means of wire communications, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE SCHEME AND ARTIFICE

20. It was the object of the scheme and artifice for defendants ADAM JONATHAN LOWE and MURRAY TODD PETERSEN to unjustly enrich themselves by selling diamonds to investors and failing to deliver them as promised.

## MANNER AND MEANS

21. ADAM JONATHAN LOWE, as the President and CEO of The Diamond Desk and Kenwo, as managing member of The Diamond Market, and as the manager for PetersenLowe, Blue Coast Investments, LLC, and Monaco, was the supplier of "fancy colored diamonds" and other jewelry sold by MURRAY TODD PETERSEN and others to victim investors.

22. MURRAY TODD PETERSEN as a sales representative for The Diamond Desk, The Diamond Market, and Vice-President of PetersenLowe, offered for sale purportedly "fancy colored diamonds" to individuals as an investment opportunity.

23. ADAM JONATHAN LOWE and MURRAY TODD PETERSEN directed victim investors to complete a "New Diamond Order" form wherein the investors expressed their preferred diamond design for the investor's purchase. Alternatively, ADAM JONATHAN LOWE

6

and MURRAY TODD PETERSEN offered to sell investors specific diamonds from The Diamond Desk or PetersenLowe's alleged pre-existing inventory.

24. MURRAY TODD PETERSEN provided victim investors with wire transfer instructions, directing them to wire funds for their diamond purchase to The Diamond Desk's JPMorgan Chase bank account ending in 8067.

25. Once the victim investors wired the funds to The Diamond Desk's JPMorgan Chase bank account ending in 8067, ADAM JONATHAN LOWE and MURRAY TODD PETERSEN failed to deliver the diamonds as promised and kept all of the victims' funds.

## USE OF THE WIRES

26. On or about the dates specified as to each count below, in Broward County, in the Southern District of Florida, and elsewhere, the defendants, ADAM JONATHAN LOWE and MURRAY TODD PETERSEN, for the purpose of executing the scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, did knowingly transmit and cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals and sounds as set forth below:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 2 | 11/15/2018 | Individual bearing the initials "K.K." wired $100,000 from her JPMorgan Chase Bank account ending in 5312 located in the State of California to The Diamond Desk's JPMorgan Chase account ending in 8067 with an address located in Miramar, Florida, for the purchase of a pink diamond, through servers located outside the Southern District of Florida. |

7

| 3 | 4/23/2019 | Individual bearing the initials "A.F." wired $60,000 from his Wells Fargo account ending in 2883 located in the State of California to The Diamond Desk's JPMorgan Chase account ending in 8067 located in Miramar, Florida, for the purchase of a 2.03 carat diamond ring, through servers located outside the Southern District of Florida. |
|---|---|---|

All in violation of Title 18, United States Code, Sections 1343 and 2.

## COUNTS 4-5
## Mail Fraud
## (18 U.S.C. § 1341)

27. Paragraphs 1 through 6 of the General Allegations section of the Indictment are re-alleged and incorporated by reference as though fully set forth herein.

28. Beginning on or about February 29, 2016, and continuing through on or about December 19, 2018, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**ADAM JONATHAN LOWE,**

did knowingly, and with the intent to defraud, devise, and intent to devise a scheme and artifice to defraud, and obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing such scheme and artifice did knowingly cause to be delivered certain mail matter by private and commercial interstate carrier, according to the directions thereon, in violation of Title 18, United States Code, Section 1341.

## OBJECT OF THE SCHEME AND ARTIFICE

29. It was the object of the scheme and artifice for defendant ADAM JONATHAN LOWE to unjustly enrich himself by failing to pay clients for diamond jewelry that had been mailed to and received by ADAM JONATHAN LOWE for "resale."

## MANNER AND MEANS OF THE SCHEME AND ARTIFICE

30. ADAM JONATHAN LOWE, as President and CEO of The Diamond Desk, sold "fancy colored diamonds" to individuals as investments.

31. Once purchased, ADAM JONATHAN LOWE caused the diamonds to be delivered to the victim investor along with a fraudulent appraisal which purported to document the diamond's alleged high quality and which showed an appraised value significantly higher than the purchase price.

32. Based upon misrepresentations ADAM JONATHAN LOWE made through marketing materials and statements, the investors were instructed to hold onto and secure their diamond investments because they were told that their investments would continue to appreciate in value.

33. ADAM JONATHAN LOWE entered into a "repurchase agreement" with the investors which stated that ADAM JONATHAN LOWE would repurchase the investors' diamond at the original purchase price plus 6 percent simple interest per year, calculated from the date of the investors' purchase. ADAM JONATHAN LOWE instructed investors who wanted to resell their diamonds according to the repurchase agreement, to mail the diamonds to ADAM JONATHAN LOWE.

34. ADAM JONATHAN LOWE failed to repay or compensate the investors pursuant to the repurchase agreement and the investors suffered a complete loss.

## USE OF THE MAILS

35. On or about the dates specified as to each count below, for the purpose of executing and in furtherance of the scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, ADAM JONATHAN LOWE did knowingly cause to be delivered certain mail matter by private and commercial interstate carrier, according to the directions thereon:

| COUNT | APPROXIMATE MAILING DATE | USE OF THE MAIL |
|---|---|---|
| 4 | December 12, 2018 | Mailing of Victim "K.L.'s" 10.13 carat diamond ring via UPS Next Day Air from her residence in Marietta, Georgia, to ADAM JONATHAN LOWE's home address in Miramar, Florida. |
| 5 | December 19, 2018 | Mailing of Victim "S.P.'s" 2.60 carat diamond ring via UPS Next Day Air from her residence in Marietta, Georgia, to ADAM JONATHAN LOWE's home address in Miramar, Florida. |

## COUNTS 6-8

### Engaging in Monetary Transactions in Criminally Derived Proceeds
### (18 U.S.C. § 1957)

36. On or about the dates set forth below, in Broward County, the Southern District of Florida, and elsewhere, the defendant,

**ADAM JONATHAN LOWE,**

did knowingly engage and attempt to engage in a transaction, as more particularly described in each count below, by, through and to a financial institution, affecting interstate commerce, in

criminally derived property of a value greater than $10,000, and such property having been derived from a specified unlawful activity and knowing that the property involved in the monetary transactions represented the proceeds of some form of specified unlawful activity, that is, Conspiracy to Commit Wire Fraud as alleged in Count 1 of this Indictment:

| COUNT | DATE | FINANCIAL TRANSACTION |
|---|---|---|
| 6 | 10/25/2018 | Transfer of $86,910.78 from the Kenwo International JPMorgan Chase Bank account ending in 7729 located in Florida to the Greater Pittston Abstracting LLC Wells Fargo Bank account ending in 0590 located in Pennsylvania. |
| 7 | 11/16/2018 | $15,200.00 cash withdrawal from the Diamond Desk's JPMorgan Chase Bank account ending in 8067. |
| 8 | 11/16/2018 | $12,000.00 cash withdrawal from the Diamond Desk's JPMorgan Chase Bank account ending in 8067. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

**FORFEITURE ALLEGATIONS**

37. The allegations of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants, ADAM JONATHAN LOWE, MURRAY TOOD PETERSEN, and SCOTT SCHAFER, have an interest.

38. Upon conviction of a violation, or conspiracy to commit a violation, of Title 18, United States Code, Sections 1341 or 1343, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

39. Upon conviction of a violation of Title 18, United States Code, Section 1957, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or

personal, involved in such offense, and any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1).

All pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(1), and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1).

A TRUE BILL.

███████████████
FOREPERSON

*Thomas J. Mulrahull jr*
MARKENZY LAPOINTE
UNITED STATES ATTORNEY

*Marc Ant*
MARC S. ANTON
ASSISTANT U. S. ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

ADAM JONATHAN LOWE et. al.
_____/

CASE NO.: 23-60225-CR-ALTMAN/JMS

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of counts _____

**Court Division** (select one)
☐ Miami     ☐ Key West    ☐ FTP
☒ FTL       ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __6__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

    (Check only one)                    (Check only one)
    I    ☐ 0 to 5 days                  ☐ Petty
    II   ☒ 6 to 10 days                 ☐ Minor
    III  ☐ 11 to 20 days                ☐ Misdemeanor
    IV   ☐ 21 to 60 days                ☒ Felony
    V    ☐ 61 days and over

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) Yes
   If yes, Judge Singhal   Case No. 23-CV-61837
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No
14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No
15. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

By: _____
Marc S. Anton
Assistant United States Attorney
FL Bar No.   0148369

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**:  ADAM JONATHAN LOWE

**Case No**: _____

Count #: 1

Conspiracy to Commit Wire Fraud

In violation of Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000 or not more than the greater of twice the gross gain or twice the gross loss.**

Counts #: 2-3

Wire Fraud

In violation of Title 18, United States Code, Section 1343
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or not more than the greater of twice the gross gain or twice the gross loss.**

Counts #: 4-5

Mail Fraud

In violation of Title 18, United States Code, Section 1341
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or not more than the greater of twice the gross gain or twice the gross loss.**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

Counts #: 6-8

<u>Engaging in Monetary Transaction in Criminally Derived Proceeds</u>

<u>In violation of Title 18, United States Code, Section 1957</u>
* **Max. Term of Imprisonment: 10 years**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 years**
* **Max. Fine: $250,000 or not more than the greater of twice the gross gain or twice the gross loss.**

Count #:



* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release: s**
* **Max. Fine:**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:  MURRAY TODD PETERSEN

**Case No**: _____

Count #: 1

Conspiracy to Commit Wire Fraud

In violation of Title 18, United States Code, Section 1349
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): None
* Max. Supervised Release: 3 years
* Max. Fine:  $250,000 or not more than the greater of twice the gross gain or twice the gross loss.

Counts #: 2-3

Wire Fraud

In violation of Title 18, United States Code, Section 1343
* Max. Term of Imprisonment: 20 years
* Mandatory Min. Term of Imprisonment (if applicable): None
* Max. Supervised Release: 3 years
* Max. Fine: $250,000 or not more than the greater of twice the gross gain or twice the gross loss.

Count #:

* Max. Term of Imprisonment:
* Mandatory Min. Term of Imprisonment (if applicable):
* Max. Supervised Release:
* Max. Fine:

**\*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: SCOTT SCHAFER

**Case No**: _____

Count #: 1

Conspiracy to Commit Wire
Fraud

In violation of Title 18, United States Code, Section 1349
* **Max. Term of Imprisonment: 20 years**
* **Mandatory Min. Term of Imprisonment (if applicable): None**
* **Max. Supervised Release: 3 years**
* **Max. Fine:  $250,000 or not more than the greater of twice the gross gain or twice the gross loss.**

Count #:



* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

Count #:



* **Max. Term of Imprisonment:**
* **Mandatory Min. Term of Imprisonment (if applicable):**
* **Max. Supervised Release:**
* **Max. Fine:**

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.